UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

RARE & FINE VINTAGE WATCHES AG,

      Plaintiff,

v.                                                                                     No. 5:20-CV-00249-JKP-RBF

ROBERT MARON, INDIVIDUALLY,
and ROBERT MARON, INC.,

      Defendants.

## ORDER

This matter is before the Court upon *Defendants' Amended Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue and Motion to Dissolve Temporary Injunction*. ECF No. 13. After due consideration of Defendants' motion, the pleadings and evidence filed by the parties, including the deposition of Robert Maron and the declaration of Mario Melgar, and the relevant law, the Court will grant the motion to dismiss for lack of jurisdiction and dismiss this case.

## BACKGROUND

Plaintiff Rare & Fine Vintage Watches AG ("R&F") initiated this action in Bexar County District Court on January 27, 2020, alleging claims for breach of contract, promissory estoppel, conversion, fraud, and theft. ECF No. 1-1 at 6-8. Defendants Robert Maron, Individually, and Robert Maron, Inc., removed the action to federal court on March 1, 2020, based on diversity. ECF No. 1. R&F is a Swiss corporation domiciled and doing business in Switzerland. *Id*. at 2. Robert Maron, Individually, resides in and is a citizen of the State of California. *Id*. Robert Maron, Inc. is a corporation organized and existing under the laws of California with its principal

place of business in Thousand Oaks, California. *Id*. Plaintiff seeks recovery of a watch it claims has a value of at least $1,000,000. *Id*.

On March 17, 2020, following a hearing, this Court denied Defendants' motion to dismiss for improper venue, granted limited discovery on the issue of personal jurisdiction, and held the matter of the injunction in abeyance pending ruling on the jurisdictional issue. *See* ECF No. 22. On June 5, 2020, this Court granted R&F's motion to file a short surreply (ECF No. 32) and denied R&F's motion to exclude portions of defendant's reply (ECF No. 36). The amended motion to dismiss for lack of personal jurisdiction is now ripe for ruling.

## LEGAL STANDARD

The Texas Supreme Court has interpreted the Texas long-arm provisions as conferring personal jurisdiction over nonresidents whenever consistent with constitutional due process. *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Accordingly, District Courts may exercise personal jurisdiction over a defendant "if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Guidry v. United States Tobacco Co.*, 188 F.3d 619 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

When a non-resident defendant challenges personal jurisdiction, the plaintiff bears the burden of making a *prima facie* showing of jurisdiction. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). Allegations in the plaintiff's complaint are taken as true except to the extent that they are contradicted by affidavits presented by the defendant. *Wyatt v. Kaplan*, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material conflicts between the facts established by the parties' affidavits and other evidence are resolved in favor of the plaintiff. *Jones v. Petty-Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir. 1992). The Court

will not, however, accept conclusory allegations of fact as true. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Once the plaintiff makes a *prima facie* showing of personal jurisdiction, the burden shifts to the defendant to demonstrate that exercising jurisdiction over the defendant would be so unfair and unreasonable as to violate due process. *Bullion v. Gillespie*, 895 F.2d 213, 216 (5th Cir. 1990).

General jurisdiction may be found when the defendant's contacts with the forum state are substantial, continuous, and systematic. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-19 (1984). The "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). To confer general jurisdiction, a defendant must have a business presence in the forum state. *Access Telecom, Inc. v. MCI Telecomm. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999). Injecting a product, even in substantial volume, into a forum's "stream of commerce," without more, does not support general jurisdiction. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 375 (5th Cir. 1987).

"Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (citations omitted). A defendant has minimum contacts with the forum state when it "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). The purposeful requirement "prevents jurisdiction from arising from mere 'random, fortuitous, or attenuated contacts, or from the unilateral activity of another party or a third person.'" *Special Indus. v. Zamil Grp. Holding Co.*, 578 F. App'x 325, 328 (5th Cir. 2014) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

## DISCUSSION

**1. General Jurisdiction**

R&F has nominally limited its argument to specific jurisdiction but makes arguments that fall within the ambit of general jurisdiction.

Robert Maron, Individually, does not have continuous and systematic personal contacts with Texas. Robert Maron is a California resident who has rarely traveled to Texas and conducted business in Texas on a limited basis. ECF No. 29-1 at 10-11. Robert Maron, Inc., advertises watches for sale on its website and on social media platforms worldwide. ECF No. 29 at 3. Operation of a website that can be accessed in Texas is not sufficient to show continuous and systematic business activities in Texas because "mere internet presence within a forum does not generate general jurisdiction." *Head v. Las Vegas Sands, LLC*, No. 7:17-cv-00426, 298 F. Supp. 3d 963, 977, n.118 (S.D. Tex. Mar. 27, 2018) (collecting cases) *aff'd Head v. Las Vegas Sands, LLC*, 760 Fed. Appx. 281 (5th Cir. 2019) (per curiam). Moreover, a website that "amounts to simple advertising," cannot serve as the basis for general jurisdiction. *Id.* at 980. Accordingly, R&F has failed to make a *prima facie* case of general jurisdiction.

**2. Specific Jurisdiction**

R&F's specific jurisdiction arguments are predicated on WhatsApp, email, and phone communications between Mario Melgar ("Melgar") and Robert Maron. R&F contends Robert Maron and Robert Maron, Inc. sent sixty-nine WhatsApp messages, nine emails, and directed several telephone calls to Texas beginning October 7, 2019, through November 18, 2019. It is undisputed that Melgar and Robert Maron communicated via WhatsApp, email, and phone. It is undisputed these communications were made for the purpose of resolving a dispute between

R&F and Maron. R&F argues these communications demonstrate Maron purposefully directed activities to Texas and he is therefore subject to personal jurisdiction in Texas.

Robert Maron's deposition testimony demonstrates neither he nor Robert Maron Inc. purposely directed activities toward Texas. Robert Maron[1] (hereinafter "Maron") testified in deposition he did not initiate communication with Melgar. ECF No. 29-1 at 4-5. Rather, Melgar contacted Maron on October 7, 2019. *Id.* at 3, 10-11. Melgar confirms that he contacted Maron on this date. ECF No. 29-2. Maron testified he responded to Melgar's communications rather than contact R&F directly because Maron received "several warning letters" from R&F's counsel not to contact R&F. ECF No. 29-1 at 4. Further, Melgar said to Maron that "he was Wulf's attorney and Wulf[2] wanted me to talk to him, and I was eager to settle this." *Id*.

Maron testified in his deposition he did not know Melgar's location during their negotiations via WhatsApp, email, and phone. ECF No. 29-1 at 4-5. R&F contends Maron must have known Melgar was in Texas because Melgar had a San Antonio address affixed to his email and Maron was aware of Melgar's business relationship with R&F's San Antonio counsel. *Id*. R&F's conclusion imputes knowledge to Maron, which he denies under oath, stating:

> "You (Plaintiff's counsel) had told me that somebody from LA was going to take over if I couldn't settle this with you, and the next thing I know somebody else called me. I had no idea where Mario Melgar was, nor did he represent where he was. He told me he was in a different office than you. . . . I had no idea where Mr. Melgar was. I never asked him. He never told me."

ECF No. 29-1 at 5. Consequently, R&F's conclusions are insufficient to establish Maron was aware of Melgar's location during the course of their communications. *Panda*, 253 F.3d at 868. Because Melgar could have been anywhere in the world when he communicated via WhatsApp,

---

[1] Mr. Maron testified on behalf of himself and Robert Maron, Inc. ECF No. 29-1 at 2.

[2] Wulf Schutz is R&F's principal. ECF No. 29-2.

5

email, and phone, reliance on these communications, without more, is "obsolete as proof of purposeful availment." *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 791 (Tex. 2005). Thus, R&F does not make a *prima facie* showing that Maron purposely directed activities toward the forum state.

R&F contends Maron committed various torts in Texas based on the communications with Melgar. Exercising personal jurisdiction "over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Walden v. Fiore*, 571 U.S. 277, 286 (2014). It is the defendant's contacts with the forum that determine whether it "purposefully availed [itself] of the state of Texas." *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 563 (Tex. 2018). Thus, the Court's focus is on the contacts with the forum that the defendant created. *Walden*, 571 U.S. at 284-286.

R&F is based in Switzerland and Maron resides and is based in California. The substance of this lawsuit arises from an alleged debt Maron owes R&F. No Texas resident is alleged to have been harmed by any tort Maron is alleged to have committed. R&F's characterization of Maron as "welcoming" negotiation in Texas and "initiating" communication in Texas is inconsistent with the evidence presented by the parties. ECF Nos. 29 at 4; 29-1 at 3-5; 29-2; 28-2. Maron's deposition testimony demonstrates Maron did not choose Texas as the forum to negotiate the resolution of the alleged debt. R&F compelled Maron to negotiate in Texas when its counsel sent him letters demanding he not speak with Wulf and providing two options: negotiate with Melgar or face litigation. Maron chose negotiation. After Melgar contacted him on October 7, 2019, Maron communicated with Melgar for the singular purpose of negotiating the dispute with Wulf. *See* ECF Nos. 28-2; 29 at 7-9; 29-1.

## CONCLUSION

Defendant moved for dismissal of this breach of contract and tort case based on a lack of personal jurisdiction. Plaintiff has attempted to show its *prima facie* case of personal jurisdiction based on a combination of contacts with the State of Texas by Defendants: (1) Defendants' web and social media presence, which advertise watches for sale and display Defendants' contact information and (2) Robert Maron's communications with Mario Melgar via WhatsApp, email, and phone made to negotiate the dispute between Maron in California and R&F in Switzerland. These contacts are not sufficient in themselves, or in combination, to find that Defendants have purposefully availed themselves of the benefits and protections of the State of Texas and thus have sufficient minimum contacts with the State for the Court to exercise personal jurisdiction. Plaintiff did not make a *prima facie* case as to either general or specific jurisdiction. Accordingly, the Court GRANTS Defendant's motion (ECF No. 13) and DISMISSES this case.

The Clerk of Court is DIRECTED to deny any remaining pending motions as moot and close this case.

It is so ORDERED.

SIGNED this 7th day of June 2020.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE